Decided 30 January, 1899.

## BAILEY *v*. WILSON.

[55 Pac. 973.]

1. ACTION ON BOND—PLEADING.—A complaint upon an insurance agent's bond alleging that the principal had received various sums which he had failed to pay over, and that upon an accounting and settlement with reference thereto a specified sum was ascertained and determined to be due, which the principal promised and agreed to pay, does not declare upon an account stated, but upon a claim for damages resulting from a breach of the bond.

2. AMENDMENT BY STRIKING OUT.—Any amendment of a complaint that will aid the pleader in stating more clearly the cause of action originally intended to be set out should be allowed, if such intention is to be ascertained from the complaint, though care must be taken not to allow the cause of action to be changed, as, for example, an account stated to an open account: *Foste* v. *Standard Insurance Co.*, 26 Or. 449, cited.

3. NONSUIT—COUNTERCLAIM—JUDGMENT.—Where defendant sets up new matter as a counterclaim which is denied in reply, and afterward such counterclaim is stricken out, whereupon plaintiff takes a nonsuit, the defendant cannot possibly be entitled to judgment on the counterclaim, even if it was improperly stricken out, for it has been put in issue.

From Multnomah:   E. D. SHATTUCK, Judge.

Action by James D. Bailey against Arthur Wilson and others, which finally resulted in a voluntary nonsuit for plaintiff, from which defendants appeal.

REVERSED.

For appellant there was a brief over the name of *Williams, Wood & Linthicum*, with an oral argument by *Mr. Stewart Brian Linthicum*.

For respondent there was a brief over the name of *Chamberlain & Thomas*, with an oral argument by *Mr. Warren E. Thomas*.

MR. JUSTICE BEAN delivered the opinion.

This is an action upon an insurance agent's bond. The second amended complaint, upon which the cause was tried, alleges that in January, 1894, the plaintiff, as the general agent of the Insurance Company of North America, appointed the defendants Wilson and King agents in Portland to solicit insurance for and on behalf of such company, and to receive and remit premiums therefor; that before entering upon the discharge of their duties as such agents they were required to, and did, execute and deliver to the plaintiff, as such general agent, their joint and several obligation in the sum of $10,000, with the defendants Knapp and Maxwell as sureties, conditioned that they should well and truly pay over to the plaintiff all moneys which they should receive for and on account of said company whenever and as soon as such money should become due and payable, and in all other respects well and truly perform the duties usually performed by such agents; that the conditions of said obligation have been broken and violated, in this: that between the first day of January, 1894, and the first of October, 1894, they, "as agents aforesaid,

received for and on account of said company a large amount of premiums from various persons, firms and corporations, amounting to a large sum, and that thereafter, and on or about the ninth day of October, 1894, the plaintiff and the defendants Arthur Wilson and W. B. King had an accounting and settlement between them as to the amount of money and the particular premiums collected by them as such agents between said dates and for which they had not remitted to plaintiff, and upon such accounting and settlement there was ascertained, agreed and determined to be due the plaintiff herein the sum of $1,039.93, and said defendants thereupon promised and agreed to pay the same,'' which they have failed and neglected to do, except the sum of $27.28, paid prior to the commencement of the action ; to plaintiff's damage in the sum of $1,012.13.

The defendants Wilson and King, by their answer, admitted their appointment, the execution and delivery of the bond, and that of the premiums collected by them, the sum of $997.49, had not been paid over to the plaintiff, but denied that the conditions of their obligation had been broken in any respect, or that an accounting or settlement had been had between them and the plaintiff ; and as a further and separate defense, and by way of counterclaim, allege that their appointment was to continue for one year, and so long thereafter as should be mutually satisfactory, and that they were to receive certain commissions as payment for their services,—it being further agreed that no other agents should be appointed in their district while they were so acting ; that they entered upon the performance of their contract, and faithfully discharged their duties, and expended a considerable sum of money in advertising, but that shortly after their appointment plaintiff violated his contract with them by appointing another agent to solicit insur-

ance in their district, and subsequently, about August 4, 1894, and without fault, discharged them as agents, and substituted others in their stead, to their damage in the sum of $1,500.    The answer of the defendants Knapp and Maxwell, sureties, was similar in effect to that of Wilson and King, and prayed judgment against plaintiff for costs.    Issue was joined upon the allegations of these answers by the replies.

On the trial the defendants objected to the admission of certain evidence offered by the plaintiff to prove the amount of premiums collected by the defendants, and not remitted, on the ground that the complaint alleged a cause of action on an account stated, which the evidence offered did not tend to prove ; and, although the court so construed the complaint, it overruled such objection, and admitted the testimony in evidence, notwithstanding the plaintiff did not claim or pretend that it tended in any way to prove an account stated, or that the action was of that character.    At the conclusion of plaintiff's case, the defendants moved the court to direct a verdict in their favor upon the affirmative matter of the answers, alleging as ground therefor that no evidence had been offered or introduced tending to prove an account stated. This motion was likewise overruled, whereupon the defendants proceeded to give evidence ; and while one of their witnesses was on the stand, and after the court had repeatedly ruled that the action was upon an account stated, the plaintiff moved to strike out all that part of the amended complaint in reference to the accounting with Wilson and King, so as to avoid any question upon that subject, but the court denied the motion.    The plaintiff, being thus compelled to proceed, if at all, upon a cause of action which he had not intended to allege, and which he was unable to and had not attempted to prove, and being unable to take a voluntary nonsuit on account

of the new matter set up in the answer, thereupon moved the court to strike out such new matter, for the reason that, if the complaint was based upon an account stated, as the court had ruled, the matters and things set up in the answer must necessarily have been included in such accounting, and were, therefore, not open to the defendants as a counterclaim. This motion was sustained, and the separate defenses of the defendants stricken out, whereupon the plaintiff was allowed to take a voluntary nonsuit, and from the judgment entered thereon the defendants appeal. The record contains fifteen assignments of error, but they have been classified in defendants' brief as follows : First, error in striking out defendants' affirmative defense and counterclaim ; second, error in granting plaintiff's motion for a nonsuit ; third, error in not directing a verdict for defendants when plaintiff had rested ; and, fourth, exceptions taken to testimony introduced by the plaintiff, and to the court's refusal to strike the same out on the ground that such testimony did not tend to prove an account stated.

1.   The assignments of error based on the action of the court in striking out the defendants' affirmative defense and counterclaim, and in allowing plaintiff a voluntary nonsuit are well taken, but such action was the logical sequence of the fundamental error which prevailed throughout the entire proceeding, and which caused all the confusion in the case, viz. that the action was upon an account stated. As we read the complaint, it is plainly and clearly an action for damages for the breach of a bond given by the defendants Wilson and King to the plaintiff, and is not upon an account stated, notwithstanding the allegation in reference to the accounting. It is true, this allegation, if taken by itself, would indicate that the action was of that character, but when it is taken in connection with the entire complaint,

and the evident theory upon which the action was brought, it is apparent, it seems to us, that such allegation does not determine the nature of the action. And especially is this true when, by striking out of the complaint all the allegations in reference to the accounting, sufficient remains to constitute a good cause of action for a breach of the bond.

2. But it is claimed that if this allegation is eliminated from the complaint it will result in changing the action from one upon an account stated to one upon an open running account, and that such an amendment on the trial is not permissible, and this was the opinion of the trial court. The rule is that where a party brings an action upon an account stated he cannot upon the trial so amend his complaint as to change it to a cause of action upon an open account: *Foste* v. *Insurance Co.*, 26 Or. 449 (38 Pac. 617); but, as said in the case referred to, any amendment which will aid the complaint in stating the cause of action as originally intended by the pleader is permissible if, as here, sufficient facts are alleged to indicate such intention. It was, therefore, clearly within the power of the court to have allowed the motion to strike out all the allegations in the complaint in reference to the alleged accounting, and, if sufficient remained to constitute a cause of action for a breach of the bond, the case should have been allowed to proceed.

3. But, although the court was in error in striking out the affirmative matter contained in the answer, and in giving judgment of nonsuit, the defendants were not entitled to a judgment in their favor upon the new matter set up by them, because the facts therein alleged were put in issue by the reply, and thus an issue of fact was formed which could only be determined upon the testimony. From the foregoing it follows that the judgment

must be reversed, and the cause remanded to the court below for a new trial upon the issues presented by the complaint, answer, and reply, and it is so ordered ; costs on appeal to abide the final determination of the case.

REVERSED.

Decided 3 January, 1899.