[No. 9545. Department One. July 14, 1911.]

## E. E. BROCKHAUSEN, *Appellant*, v. NATHAN TOKLAS, *Respondent*.[1]

ASSIGNMENTS—CAUSE OF ACTION—NEGLIGENCE OF ASSIGNEE—DILIGENCE — RIGHTS AND DUTY OF ASSIGNOR — DAMAGES — MINIMIZING. Where a half interest in claims for services was assigned to the co-owner for the purposes of collection, and attorneys were jointly employed and paid by the assignor and assignee, and suit commenced, the assignor had as much right to control the suit as the assignee, and it became his duty, when the assignee left the state and failed to diligently prosecute the suit, to minimize his damages by assuming control of the suit and recovering therein, or in a new suit in his own behalf; and he cannot recover damages from the assignee for negligence in allowing the suit to be dismissed for want of prosecution on the ground that the claims are barred by the statute of limitations.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered December 7, 1910, upon granting a nonsuit, in an action in tort. Affirmed.

*Moye Wicks* and *Harris Baldwin*, for appellant.

*William S. Lewis*, for respondent.

GOSE, J.—In January, 1907, the plaintiff and the defendant were asserting claims against one Kemp and one Schuler,

[1]Reported in 116 Pac. 668.

for considerable sums of money, which they claimed were due them under the terms of a written contract for services performed and money expended between April, 1898, and July, 1905, in conducting certain mining litigation in the states of Washington and Idaho. On January 17, 1907, the plaintiff assigned his claim to the defendant, for the purpose of enabling the latter to sue in his own name on both claims and thereby save the expense of prosecuting separate suits. The assignment recites that one-half of any judgment recovered in the action shall belong to the plaintiff. The plaintiff kept a copy of the assignment. Thereafter and in February, 1907, the defendant commenced two actions in the superior court of Spokane county, one against Kemp and the other against Schuler, upon his own and the assigned claim. A short time after he commenced the actions, he left Spokane, and the cases were dismissed upon the motion of the defendants on March 24, 1909, for want of prosecution.

On March 16, 1907, on the motion of the defendant, the court directed the plaintiff to file a bill of particulars in the Schuler case. The order was not complied with. Neither the plaintiff in this case nor counsel for Toklas in the cases against Kemp and Schuler, was able to locate Toklas after July, 1907. On July 2, 1907, Toklas wrote the plaintiff that he would soon be in Eastern Washington. The plaintiff and Toklas' attorney used due diligence, both by inquiry and by writing letters, to locate Toklas, but were not thereafter able to do so. The first they knew of his whereabouts after July, 1907, was in the month of May, 1910, when they found him in Spokane. This action was commenced in September, 1910, for the purpose of recovering from the defendant the amount which the plaintiff claims is due him from Kemp and Schuler. The complaint alleges, in addition to the facts stated, that the plaintiff's claims against Kemp and Schuler are barred by the statute of limitations. At the close of the

plaintiff's evidence, a judgment of nonsuit was entered, and he has appealed therefrom.

The basis of his claim is that the respondent, by accepting the assignment and commencing the action, became his agent for the prosecution of the suits, and that he is liable to the appellant for his negligence in failing to do so. There can be no doubt that there was an implied agreement upon the part of the respondent to use due diligence in the prosecution of the actions. In failing to do so, he was guilty of negligence. It is also elementary that, when the appellant discovered that the respondent had absented himself and was not prosecuting the actions, it became his duty to minimize the damages. The principal cannot remain supine after he discovers the nonaction of his agent, and hold the latter liable for the damages which he, by the exercise of reasonable diligence, could have prevented. The appellant and the respondent had jointly employed counsel to prosecute the cases, and each of them had paid one-half the retainer and one-half the jury fees and advance costs. The appellant, therefore, had as much right to direct the attorney as had the respondent. It was the duty of the former to cause the cases to be brought to trial, or to be dismissed so that he could prosecute his own case. His only excuse for failing to proceed with the trials is that he needed the respondent as a witness in the case. He testified that the respondent "had to corroborate a good many of my accounts and that I had to corroborate a good many of Mr. Toklas' accounts," and that he "was relying on the testimony of Mr. Toklas and on my own testimony in the case." It is obvious that, if he can establish his claim against Kemp and Schuler in this action with the respondent as a hostile party, he could have proven his case in the other suits or, upon their dismissal, in suits which he himself could have prosecuted without the aid of the respondent as a witness. Of course, there can be no liability upon respondent in any event, unless the appellant has a valid claim against Kemp or Schuler, one or both. Those

claims are the basis of this action. It is admitted that Kemp and Schuler are men of large means, and have at all times been financially able to respond to any judgment that might be obtained against them.

We think that the failure of the appellant to pursue the course indicated precludes a recovery in this action. He assigned his claims for the purpose of the suits, and could have at any time resumed control over them. In other words, he could have terminated the agency or could have directed his attorney to proceed to trial. What recourse he would have had against the respondent, if the cases had gone against him in whole or in part, we need not determine. Moreover, the allegation that the actions were barred when this suit was commenced is not supported by the evidence. The record shows that the services were rendered and the money expended between April, 1898, and July, 1905, under a written contract, and that the cases were dismissed in March, 1909.

The judgment is affirmed.

Dunbar, C. J., Parker, and Mount, JJ., concur.