Argued October 16, modified December 2, 1919.

## OREGON ENGINEERING CO *v.* WEST LINN.

(185 Pac. 750.)

**Appeal and Error—Determination of Failure of Evidence to Call for Nonsuit.**

1. On appeal in action at law, tried by agreement without a jury, the Supreme Court, in reviewing the trial court's denial of defendant's motion for nonsuit, can only inquire whether there is a total failure of evidence on any material issue.

**Appeal and Error—No Review of Finding on Conflicting Evidence.**

2. Where there is plenty of evidence to support it, a finding of the trial court, though on conflicting evidence, is conclusive on appeal.

**Municipal Corporations—Recovery Despite Deviations not Authorized in Writing by Engineer.**

3. In an action against a city to recover the price for constructing a reservoir and water system, in view of the contract, making the city's engineer the referee to determine the amount, quality, and fitness of work, and evidence showing that deviations from the contract by the contractor were at the instance of the engineer, *held,* that evidence supports court's finding for plaintiff contractor, despite deviations from the contract not authorized in writing by the engineer as required.

**Municipal Corporations—Recovery for Construction of Improvement Despite Defects of Plan.**

4. Where the work of a contractor to build a reservoir and water-works system for a city was well done and in substantial compliance with its contract, and any unsatisfactoriness in the result was from a defective design, selected by the water commission, rather than from any fault of the contractor, the contractor can recover a retained portion of the price of the work, accepted by the water commission on recommendation of its engineer as required by the contract.

**Pleading—Denial of Answer by Reply as Creating Issue.**

5. A demand of the answer, denied by the reply, is one of the issues for determination, though the prayer of the answer did not ask for affirmative relief on such account.

**Pleading—Item of Answer as Defense.**

6. An item pleaded by the answer in reduction of any judgment recovered by plaintiff was pro tanto a defense.

**Municipal Corporations—Payments on Improvement Contract—Right to Credit for Interest on Advancements.**

7. Where the contractor to build a city's water system and reservoir received its compensation in municipal bonds in advance, the city, when sued to recover a deficiency in payments, is entitled to a credit on any recovery for interest accruing on the bonds during the time for which they were paid in advance as money advanced to the contractor for the purchase of materials.

**Appeal and Error—Modification of Judgment to Give Credit.**

8. Under Constitution, Article VII, Section 3, as amended in 1910 (see Laws 1911, p. 7), the judgment of the trial court for plaintiff will be modified by deducting therefrom an amount to which defendant is entitled as a credit for interest on advancements.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.

This is an action to recover money. The plaintiff, on July 27, 1915, entered into a contract with the defendant. city, whereby it agreed to construct a water system for such defendant. The complaint alleges that the erection of the reservoir and standpipe was sublet to the Standifer-Clarkson Co., a corporation, and that thereafter, the plaintiff and the subcontrator fully performed the terms of the contract except as modified in minor particulars under the direction of and upon the order of the city engineer, doing work and furnishing materials thereunder, to the amount of $58,671.19, and through the subcontractor, performed extra work and furnished extra materials, under the direction of the city engineer, in the manner provided in the contract, amounting to $3,435, making the total sum earned $62,106.19. It is alleged that of this sum all has been paid except $1,234.23, for which judgment is prayed. It further averred that on January 8, 1916, in accordance with the terms of the contract, the city engineer submitted his final and complete estimate of the work performed and materials furnished under the contract, which fixed the sum due as above set out. That on April 12, 1916, the city engineer, in accordance with the terms of the contract, delivered to the defendant city's water commission, a certificate showing that more than thirty days had elapsed since the completion of the water system and that no uncompleted or defective work has been discovered for which said water commission makes claim; that on December 27, 1915, the water commission, at a regularly called and conducted meeting, adopted a resolution accepting the work after thirty days from date; payment to be made if no liens were filed, with the exception that

$1,500 be held back to secure the completion of certain details which could not be finished in winter weather. It then alleged that all such work has been done and accepted; that no liens or claims have been filed, that prior to the acceptance by the city engineer, and ever since, the water system has been in constant use by the defendant city, but that it wrongfully, arbitrarily and without cause, refused to accept and pay for the construction thereof; that the water commission, unreasonably, and without cause, refuse to file with the city recorder a statement, as provided in the contract, declaring the work completed; that plaintiff has fully performed, with approval of the engineer, etc. These allegations are followed by a prayer for judgment in the sum of $1,234.23, with interest and costs. The answer, after admitting the execution of the contract, denies certain of the allegations of the complaint as to the completion of the work, as to its acceptance by the commission, and as to any right of recovery by plaintiff, and then pleads affirmatively that S. A. Cobb was not the city engineer, and had no authority to order any deviation from the plans, such power being vested in H. A. Rands, who is alleged to have been defendant's authorized engineer. It is then explained that defendant's alleged acceptance of the work was in the following language:

"On motion the work of the Oregon Engineering and Construction Co., putting in the water system for the city was accepted. After thirty days from date payment to be made if no liens or claims are on the same, with the exception that $1,500 be held back for the completion of some details that cannot be done in winter weather; $750 of said $1,500 to be applied to the reservoir and a like amount to the pipe line. This acceptance is to be strictly in accordance with the con-

tract between said company and the commission, and in no way shall it be construed to vary the contract."

This acceptance is dated December 27, 1915. It is then asserted that the work was never completed, and that on February 8, 1916, and upon the request of plaintiff, by its president, the said order of acceptance was revoked. It is further alleged that owing to faulty construction and disregard of specifications, the pipe-line, and standpipe and the reservoir have developed leaks to such an extent as to cause a daily waste of more than 100,000 gallons. These averments are followed by some allegations regarding a claim of defendant against plaintiff for interest, but the prayer of the answer is for the dismissal of the action, with a judgment for costs. A reply was filed, joining issue upon the affirmative answer, and a trial was had by the court, without a jury, and thereafter the court filed its findings of fact and conclusions of law and entered a judgment for plaintiff in accordance with the prayer of the complaint and defendant appeals.

MODIFIED.

For appellant there was a brief over the names of *Mr. L. L. Stipp, Mr. L. L. Porter* and *Mr. J. F. Clark,* with an oral argument by *Mr. Stipp.*

For respondent there was a brief over the names of *Mr. J. Dean Butler, Mr. J. G. Arnold* and *Mr. Henry Bauer,* with an oral argument by *Mr. Butler.*

BENSON, J.—The assignments of error challenge the ruling of the court in denying defendant's motion for a nonsuit, and further urge that certain of the findings of fact are erroneous.

1. Since this is an action at law and the case, by agreement of the parties, was tried by the court without a jury, it is beyond the power of this court to do more than determine whether or not there is a total failure of evidence upon any material issue.   In other words, was it error to deny the motion for a nonsuit? The assignments present no other question.   In order to make clear the position of the defendant City of West Linn, which is the only appellant, we must observe certain provisions of the contract, which are as follows:

"No deviation from the plans and specifications will be allowed except by written permission of the Commission's Engineer.

"On or about the 20th day of each month during the progress of the work, included in this contract the contractor will be paid 80 per cent. of the contract price of the estimated amount of said work returned by the engineer as having been done during the preceding calendar month; and the balance of said contract price, being 20 per cent. thereof, shall be retained for a period of thirty days after the completion of the contract, to secure the payment of laborers who shall have performed work thereon, and materialmen who shall have furnished materials thereof, for any valid claims for fees or royalties for any patented invention, article or arrangement connected with the work, as security for the replacement or completion of any defective or uncompleted work which may be found; * *

"The work included in this contract shall not be deemed completed until the Water Commission shall have filed with the City Recorder a statement signed by a majority of them; but neither said statement, nor any acceptance of said work by said Commission, shall prevent said City from thereafter making any claim for uncompleted or defective work when the same is discovered.

"No payment shall be made, in any event from the said 20 per cent. so reserved until said party of the

second part shall have filed with the Commission a certificate, signed by the engineer, stating that said period of thirty days has elapsed, and that no uncompleted or defective work has been discovered for which the Water Commission makes claim.

"It is to be distinctly understood the measurements and estimates of the Engineer are to be taken as final and conclusive evidence of the amount of work performed by the contractor, and shall be taken as the full measure of compensation to be received by the contractor. The estimate is to be based upon the schedule of price for the labor performed and material furnished under the contract and in accordance with the annexed specifications, and whenever there may be any ambiguity therein, the Engineer's instructions shall be considered explanatory and shall be of binding force.

"In order to prevent disputes and litigation, the Engineer shall in all cases be the referee to determine the amount, quality, and acceptability and fitness of the several kinds of work and material which are to be paid for under these specifications, and to decide upon all questions which may arise as to the fulfillment of said contract on the part of the contractor, and his decisions and determinations shall be final and conclusive."

2. It is urged by the defendant that S. A. Cobb, who was treated with by the contractor, as the commission's engineer, was not, in fact, such official, and therefore had no authority to deviate from the plans and specifications, or to make certificate of the completion of the work, or otherwise bind the commission. For this reason, among others, defendant argues that there is a failure of proof upon material issues. The testimony upon this point is conflicting, but there is plenty of evidence to support the finding of the trial court that Cobb was the commission's engineer, and therefore, such finding is conclusive.

3. The sufficiency of the findings is assailed further, upon the additional grounds (1) that there were deviations from the specifications which were not authorized in writing by the engineer; (2) that no certificate of completion of the work, as required by the terms of the contract, has ever been filed; (3) that the commission was justified in withholding its written declaration that the work has been fully performed. Considering these items in their order, we note that the deviations complained of were two in number. It appears that in the construction of the reservoir and the standpipe, there were two groups of expansion joints which were to be calked to prevent leakage. The specifications required that the joints in one group should be filled with asphalt of a certain grade. Cobb, the engineer, testifies that after a few of the joints had been so filled, he discovered that the result was not satisfactory, and he ordered the contractor to fill the remainder of such joints partially with loose sand, and pour in asphalt enough to complete the job. He did not give this order in writing, but the contractor obeyed. The other group of joints were to be lined with tin, and the space filled with asphalt. As to these, the engineer decided that a calking with oakum would be more effective, and he gave the contractor an oral order to that effect, which was likewise obeyed. It is not contended that the contractor profited in any way by these changes, or that there was any willful disregard of the specifications. It is argued that there developed an excessive leakage from both reservoir and standpipe, and that therefore the deviations were not trifling ones, but of sufficient gravity to constitute a serious breach of the contract. However, the evidence is widely divergent upon this point, and the trial court's finding is to the effect that the deviations did

not detract from a substantial performance of the contract. The trial court not only had before it the testimony of the engineer as to the necessity of the changes, but also this clause in the contract:

"In order to prevent disputes and litigation, the engineer shall in all cases be the referee to determine the amount, quality and acceptability and fitness of the several kinds of work and material which are to be paid under these specifications, and to decide upon all questions which may arise as to the fulfillment of said contract on the part of the contractor, and his decisions and determination shall be final and conclusive."

Under these circumstances we cannot interfere with the finding of the lower court.

4. Regarding the contention that no certificate by the engineer of final completion has been filed, we find, from the transcript of the testimony, that on December 21, 1915, Cobb wrote to the commission the following letter:

"West Linn Water Commission,

"West Linn, Oregon.

"Gentlemen:

"You are hereby notified that the Oregon Engineering and Construction Company has completed their contract, except some minor details, which on account of the weather, it will be better to leave go until next spring or summer. To enable the commission to complete this work I would recommend that the sum of Five Hundred (500.00) Dollars be withheld in the final settlement. Said money to be withheld as follows: Two Hundred and Fifty (250) Dollars for completion and cleaning up reservoir and stand-pipe grounds. Two Hundred and Fifty (250.00) Dollars for cleaning and rolling ditches. In accordance with the foregoing I would recommend that a notice be filed with the city recorder, stating that they have completed the contract.

"Yours truly,

"S. A. COBB."

On December 27, 1915, the water commission held a meeting, the minutes of which disclose the following:

"On motion the work of the Oregon Engineering and Construction Co.. putting in the water system for the city was accepted. After thirty days from date payment to be made if no liens or claims are on the same, with the exception that $1500 be held back for the completion of some details that cannot be done in winter weather; $750 of said $1500 to be applied to the reservoir and a like amount to the pipe-line. This acceptance is to be strictly in accordance with the contract between said company and the commission, and in no way shall be construed to vary the contract."

On the following day the engineer sent to the plaintiff this letter:

"December 28, 1915.

"Oregon Engineering & Construction Co.,
    "Oregon City, Oregon.
"Gentlemen:
    "You are advised that at the meeting of West Linn Water Commission, held last night, the water work system constructed by you for the city of West Linn was accepted. Said acceptance was conditioned upon the retaining of Fifteen Hundred (1500.00) Dollars, one-half of which was for cleaning up and finishing reservoir and stand pipe, the other half for cleaning up ditches and other incidental work.
        "Yours truly,
            "S. A. COBB."

Cobb testified that early in the spring of 1916, the incidental work referred to in the documents above quoted was all completed by plaintiff, and thereafter Cobb addressed a letter to the commission which reads thus:

"April 12, 1916.

"West Linn Water Commission,
    "West Linn, Oregon.
"Gentlemen:
    "The contractors, the Oregon Engineering and Construction Company of Oregon City, Oregon, have com-

pleted their contract for the construction of a water system for the City of West Linn, in so far as I am concerned.

"Yours truly,

"S. A. COBB,

"Engineer of the West Linn Water Commission."

The minutes of the commission show that on February 8, 1916, a meeting was held and this record was made:

"Minutes of the meeting of December 27th, 1916, and January 8th and January the 20th, 1916 read and approved, except that part of the minutes of December 27th, 1915, referring to the acceptance of the water system from the contractor, The Oregon Engineering & Construction Company, which is disapproved and any action taken at said meeting on said acceptance is rescinded."

The city began using the system for the distribution of water to residents about the middle of December, 1915, and has used it continuously ever since. This action was not begun until late in 1917, and no objection to the form of engineer's certificate appears to have been made until after this action was begun. There is a sharp conflict in the evidence upon the question as to whether or not the president of the plaintiff corporation requested a rescission of the commission's acceptance of the work. There is considerable testimony to the effect that the work of the contractor was well done, and in substantial compliance with the terms of the contract and that if the result is not perfectly satisfactory, it is because the design selected by the commission is not the most desirable, rather through any default of the contractor. Under this condition of the record we cannot disturb the findings of the trial court and it follows that there was no error in denying the motion for a nonsuit.

5–8. Our attention is also directed to the fact that the answer pleads that by the terms of the supplemental contract, defendant is entitled to a credit upon any sum due to plaintiff, for interest upon money advanced to plaintiff for the purchase of materials, at a time when no payments were due from defendant to plaintiff, and that such interest amounts to $160.14. The reply denies this demand, and it is therefore, one of the issues to be determined. Defendant asked for a finding thereon, but, through some inadvertence, the trial court failed to make one. The plaintiff urges that since the prayer of the answer does not ask for affirmative relief, there is no issue thereon. However, the answer very clearly pleads the item in reduction of any judgment which the plaintiff may recover, and is therefore, *pro tanto,* a defense. The evidence is all before us, and it appears therefrom that plaintiff received its compensation in municipal bonds, and while no *money* was advanced before it was due, plaintiff did receive its equivalent in bonds in advance, and defendant is entitled to the interest thereon. There is no dispute as to the amount of such interest if any be found to be due.

Under the authority of Article VII, Section 3, of the state Constitution, as amended in 1910, the judgment of the trial court will be modified by deducting therefrom $160.14, and in all other respects it is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and BENNETT, JJ., concur.