Submitted on briefs September 18, affirmed December 4, 1928.

## HACKETT DIGGER COMPANY v. FRANK CARLSON.

(272 Pac. 260.)

For appellant there was a brief over the name of *Mr. Guy L. Wallace.*

For respondent there was a brief over the name of *Mr. Henry S. Westbrook.*

COSHOW, J██ ██ The assignments of error do not conform to the rules of this court. The only argument in the brief is that the further and separate answer does not state facts sufficient to constitute a counterclaim. Plaintiff first presents its contention that the further and separate answer is based on a tort. Action grounded in tort cannot be counter-claimed in an action on contract: *Chance* v. *Carter,* 81 Or. 229 (158 Pac. 947); *Kondon* v. *Aylsworth,*

81 Or. 225, 228 (158 Pac. 946). Its argument is that defendant seeks to recover damages because plaintiff failed to collect from one Archie Mason the account assigned to plaintiff for that purpose. Defendant's answer does not plead a tort. It is an action on a breach of contract. A tort is defined: "A private or civil wrong or injury. A wrong independent of contract." Baldwin's Century Ed. of Bouvier's Law Dictionary, 1181. The affirmative answer being an action for breach of contract is not a tort: *Meadow Valley Land Co.* v. *Manerud,* 81 Or. 303, 306 (159 Pac. 559). Not every action for damages is in tort.

The other contention is that the facts stated in the affirmative answer are not sufficient to constitute a counterclaim because defendant's assigned claim was unliquidated. Defendant assigned to plaintiff his unliquidated account against Archie Mason for a valuable consideration. The assignment was in writing and contained an irrevocable power of attorney. Plaintiff collected $500 from said Mason and gave defendant credit for that amount. It did not take any steps to force payment from Mason. Plaintiff still retains the assignment. The defendant demanded that he collect the account or return the assignment prior to the commencement of this action. Plaintiff has failed to do either. The only issue was that raised by the affirmative answer and reply to the effect that Mason did not owe the amount which defendant claims he did. In substance that was the sole issue to be tried. Evidence was introduced by both parties and the jury returned a verdict as stated above. There was evidence adduced by defendant to the effect that said Mason owed defendant the full sum of $1,199.40; that plaintiff collected from said

Mason the sum of $500 leaving due from Mason on said assigned account the sum of $699.40. The amount owing by defendant to plaintiff was $543.70. The verdict was for the difference between the amount owed by Mason on said assigned account and the amount owed by defendant to plaintiff. The difference is stated in the verdict of the jury.

The authorities permit the assignment of an unliquidated claim: *Wait* v. *Wheeler & Wilson Co.*, 23 Or. 297 (31 Pac. 661). "The purpose of the statute permitting a defendant, in his answer, to set up a counterclaim was to prevent circuity of action, multiplicity of suits, unnecessary delay and expense to litigants." *McCargar* v. *Wiley*, 112 Or. 215, 224 (229 Pac. 665).

"A counterclaim is shown to be more comprehensive than the old set-off, in that the latter could not be resorted to in an action to recover unliquidated damages,—that is, damages which could not be ascertained by mere calculation without the intervention of a jury. But in order to be available as a counterclaim, however, damages need not be liquidated." 1 Sutherland, Code Pleadings, p. 376, § 631.

1 Bancroft, Code Pl., p. 553, § 373, note 16; Id., pp. 553–559, in same section, note 4; Id., pp. 554, 555, § 374; *La Grande Nat. Bank* v. *Oliver*, 84 Or. 582, 586, 587 (165 Pac. 682); 24 R. C. L., p. 850, § 54, p. 856, § 60.

It is contended by plaintiff that the counterclaim is fatally defective because it does not allege that the amount of the assigned claim had not been lost to defendant. This point, we think, was not well taken. The complaint shows that the claim was in writing; that the assignment contained an irrecoverable power of attorney; that plaintiff retained the

assigned claim and refused to either return it to defendant or to give defendant credit for the amount thereof. The counterclaim was not moved against or demurred to. After verdict it is sufficient. Every intendment and presumption will be indulged in favor of a pleading after verdict and when issue has been joined on the facts alleged and determined by a jury: *Sig. C. Mayer & Co.* v. *Smith,* 112 Or. 559, 561 (230 Pac. 355); *McHargue* v. *Calchina,* 78 Or. 326 (153 Pac. 99); *Cooper* v. *Hillsboro Garden Tracts,* 78 Or. 74 (152 Pac. 488, Ann. Cas. 1917E, 840); *Oregon Engineering Co.* v. *West Linn,* 94 Or. 234 (185 Pac. 750); *Bailey* v. *Wilson,* 34 Or. 186 (55 Pac. 973). Plaintiff should have either sued upon the assigned claim or returned it to defendant. Plaintiff cites *Brockhausen* v. *Toklas,* 64 Wash. 150 (116 Pac. 668). Therein the court held that an allegation that the statute of limitations had run against a claim was an absolute essential. Here the question of statute of limitations is not involved in any degree. Plaintiff could not retain the claim, thus prevent defendant from taking the necessary action to enforce the payment, and at the same time refuse to act on the claim itself. The assigned claim as proved in the instant action exceeded the amount defendant owed the plaintiff. Defendant was entitled to the benefit of that account.

The counterclaim must be sufficient in itself, that is, it must state facts sufficient to constitute a cause of action by the defendant against the plaintiff. If it fails so to do plaintiff may take advantage of that failure in this court for the first time. But the court will indulge every intendment in favor of the pleading when not attacked before verdict. It is unnecessary for us to determine whether or

not the counterclaim was demurrable. The parties tried to the jury the issue framed by it and the reply. The only issue tried was the amount owing by said Mason on the assigned claim. No objection was made to the testimony pertinent to that issue. It is now too late to consider a demurrer thereto: *Meadow Valley Land Co.* v. *Manerud,* 81 Or. 303, 306 (159 Pac. 559).

The judgment is affirmed.                    AFFIRMED.