On respondents' reconsideration filed November 20, 1986, reconsideration allowed and former opinion (81 Or App 387, 725 P2d 925) adhered to January 28, 1987

BROOKE et al,
*Respondents,*

*v.*

MT. HOOD MEADOWS OREG., LTD. et al,
*Appellants.*

(A8309-05568; CA A34946)

732 P2d 36

Katherine H. O'Neil and Graff & O'Neil, Portland, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In their petition for reconsideration, petitioners contend that in our former opinion, 81 Or App 387, 725 P2d 925 (1986), we did not correctly apply the standard of review on an appeal from a denial of a judgment on the pleadings, citing *Salem Sand v. City of Salem,* 260 Or 630, 492 P2d 271 (1971). That case holds that the motion may be allowed when the pleadings taken together affirmatively show that the plaintiff has no cause of action against the defendant.

The most notable omission from petitioners' petition is any discussion of the pleadings. Instead, they discuss evidence from which one might reasonably find that they were fraudulently induced to enter into the limited partnership agreement or that the general partner breached its duty of good faith in not distributing all of the partnership profits. The amended complaint, however, contains no such claims. Rather, it relies on the terms of the limited partnership agreement, a copy of which is attached to and incorporated in the complaint. It does not allege the parties' intention in entering into the agreement. The answer does not raise any issue of fact with respect to the agreement; it does deny petitioners' conclusory allegation that, under the provisions of the agreement, they are entitled to profits in the amounts alleged.

It is clear that petitioners relied on the terms of the agreement, contending that there were no ambiguities. The trial court so held,[1] and in our decision we agreed that there was no ambiguity. We disagreed with the trial court on the legal effect of the unambiguous agreement. On the pleadings, which do not bring into question the intention of the parties, respondents were entitled to judgment, and petitioners' reliance on deceit and bad faith comes too late.

Petition for reconsideration allowed; former opinion adhered to.

---

[1] The trial court found and concluded that the limited partnership agreement "contains plain, complete and unambiguous language." However, it strayed from that proposition by finding that petitioners understood and intended that the general partners not have authority to refuse to permit the limited partners to withdraw their share of profits each year after audited financial statements were issued.