Argued and submitted April 17, affirmed June 14, 1989

## FEDERAL SAVINGS AND LOAN
## INSURANCE CORPORATION
in its Capacity as Receiver for
## UMPQUA SAVINGS AND LOAN ASSOCIATION,
*Respondent,*

*v.*

### JOHNSON et al,
*Appellants.*

### (L87-3020; CA A49040)

776 P2d 24

Margaret E. Dailey, Roseburg, argued the cause for appellants. With her on the briefs was Cegavske & Associates, P.C.

James N. Westwood, Portland, argued the cause for respondent. With him on the brief were Dennis P. Rawlinson, Kimberly K. Tellin and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendants Johnson and Ore/Del Investments Ltd. appeal from a summary judgment in favor of plaintiff. Only one of defendants' six assignments of error merits discussion, and we affirm.[1]

**1.** Plaintiff brought this action for a judicial foreclosure of a commercial trust deed executed by defendants. Defendants filed an answer that included an affirmative defense of set-off.[2] Plaintiff moved for summary judgment, and the trial court held that defendants had not alleged sufficient facts to state a claim of set-off. A motion for summary judgment that is based solely on the pleadings is equivalent to a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings. *Humphrey v. Coleman,* 86 Or App 511, 739 P2d 1081 (1987). We assume all facts pled to be true. *Sager v. McClenden,* 296 Or 33, 672 P2d 697 (1983).

**2.** A "set-off" is defined as a demand against a plaintiff that arises upon a contract and constitutes a debt independent of and unconnected with the claim pled in the complaint. It is premised on the allegation that there are mutual debts between the parties and is available as a defense for the purpose of liquidating all or part of a plaintiff's claim. *Rogue River Management Co. v. Shaw,* 243 Or 54, 58-59, 411 P2d 440 (1966). A set-off differs from a counterclaim in that a set-off is limited to liquidated damages or to those damages that do not require calculation by a trier of fact. *Hackett Digger Co. v. Carlson,* 127 Or 386, 272 P 260 (1928); *Burrage v. B. G. & Q. M. Co.,* 12 Or 169, 6 P 766 (1885).

Defendants alleged as a "set-off" that Umpqua Savings and Loan (Umpqua), plaintiff's predecessor in interest, wholly owned a subsidiary named Golden Pacific Investment Co. (Golden Pacific), which entered into a contract with ORE/DEL. They further alleged that Umpqua caused Golden Pacific to breach its contract with ORE/DEL and that Umpqua is liable for "losses sustained by ORE/DEL * * * caused by

---

[1] One of defendants' assignments concerns an argument that the judgment allows plaintiff a deficiency judgment. The trial court's memorandum clearly states and plaintiff concedes that it is not entitled to a deficiency judgment.

[2] Defendants labeled their defense as a "right of recoupment." All parties and the trial court treated the defense as a "set-off."

Umpqua using its control of Golden Pacific to obtain assets of Golden Pacific for Umpqua's use and benefit in derogation of ORE/DEL's rights." Because the damages claimed by defendants as a result of the alleged breach are unliquidated, a "setoff" is an inappropriate remedy. Defendants should have alleged their theory as a counterclaim. In the interests of justice, we will consider defendants' pleading as if it were a counterclaim against Umpqua. ORCP 19B;[3] *Smith v. Willis,* 84 Or 270, 163 P 810 (1917).

**3.** In order for Umpqua to be liable on defendants' counterclaim, defendants must have alleged that Umpqua was directly liable for Golden Pacific's debts. In *Amfac Foods v. Int'l Systems,* 294 Or 94, 108, 654 P2d 1092 (1982), the court stated:

> "When a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation rather than on some other theory, the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder but also that the plaintiff's inability to collect from the corporation resulted from some form of improper conduct on the part of the shareholder."

Defendants concede in their brief that they have not pled the inability to collect from Golden Pacific. Instead, they rely on *Hussey v. Huntsinger,* 72 Or App 565, 696 P2d 580 (1985),[4] and argue that there is sufficient evidence in the record to allow amendment of their pleading to raise an issue of fact and defeat plaintiff's motion. In support of its motion, plaintiff offered testimony that Golden Pacific was not in receivership and that

> "Golden Pacific has been and continues to be a solvent corporation with assets exceeding liabilities. Balance sheets prepared by Peat Marwick Mitchell & Co. on or about June 30, 1986, disclosed Golden Pacific enjoyed a net worth in excess of $1 million."

---

[3] ORCP 19B provides, in part:

"When a party has mistakenly designated a defense as a counterclaim or counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

[4] We held in *Huntsinger v. Hussey, supra,* that, if there is evidence in the summary judgment record that would justify amending a pleading, we will treat the complaint as if it had been amended.

Defendants filed controverting affidavits averring that they did not have sufficient information to determine whether Golden Pacific had assets other than a 5.29 acre parcel from which to satisfy a judgment and that the amount of damages claimed exceeded the value of the 5.29 acre parcel. We hold the latter evidence to be insufficient to raise a genuine issue of material fact concerning the inability of defendants to collect any claim that they might recover from Golden Pacific. ORCP 47C; *see also Bostick Family Trust v. Magliocco,* 64 Or App 305, 308, 667 P2d 1044 (1983).[5]

Affirmed.

---

[5] Defendants also argue that discovery problems caused by plaintiff prevented them from offering evidence of Golden Pacific's insolvency and that the evidence shows that plaintiff is liquidating the assets of Golden Pacific. Following service of an affidavit that averred the financial status of Golden Pacific, defendants did not move to re-open the evidentiary record. *See* ORCP 47F. Because they did not do so, they cannot now be heard to complain.

Defendants' argument that plaintiff is liquidating the assets of Golden Pacific appears to be based on the fact that defendants had conveyed to Golden Pacific their interest in a parcel of property that plaintiff in turn had listed for sale as an asset of Umpqua. That evidence may be relevant to Umpqua's control over Golden Pacific, but it does not controvert the evidence that Golden Pacific is solvent.