Argued and submitted May 6, 1991, reversed and remanded February 26, 1992

Michael R. OLSEN,
*Appellant,*

*v.*

CITY OF COBURG,
*Respondent.*

(16-89-07874; CA A65311)

826 P2d 101

David C. Force, Salem, argued the cause for appellant. With him on the briefs was Vick & Gutzler, Salem.

Susan G. Bischoff, Salem, argued the cause for respondent. With her on the brief were Joseph D. Robertson, and Garrett, Seideman, Hemann & Robertson, P.C., Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

_____

* Joseph, C. J., *vice* Newman, J, deceased.

## DEITS, J.

Plaintiff, a former police officer of defendant city, brought this action for overtime and other unpaid compensation. He stated claims, *inter alia*, for statutory liability, breach of contract and *quantum meruit*. The city's answer denied most of plaintiff's allegations and asserted three affirmative defenses.[1] The city moved for judgment on the pleadings. ORCP 21B. The trial court allowed the motion, and plaintiff appeals from the resulting judgment. We reverse.

Plaintiff contends, *inter alia*, that the pleadings reveal factual disputes and that the judgment on the pleadings was, therefore, improper. *Salem Sand v. City of Salem*, 260 Or 630, 636, 492 P2d 271 (1971). The city responds that plaintiff's statutory claim is defeated by ORS 279.342(3); that plaintiff, as a public employee, may not recover wages on a

---

[1]
"FIRST AFFIRMATIVE DEFENSE TO COUNT ONE OF THE FIRST CLAIM FOR RELIEF.
"4.
"Section V. B. 3 of the City of Coberg's [sic] personnel manual provides that all police officers are exempt from overtime compensation, either in the form of cash or compensatory time off, although compensatory time may be allowed at the discretion of the City under that section.
"5.
"The plaintiff is subject to the terms of this personnel manual and is not entitled by its terms to overtime compensation or to compensatory time.
"FOR THE SECOND AFFIRMATIVE DEFENSE TO COUNT ONE OF FIRST CLAIM FOR RELIEF.
"6.
"Chapter III, Section 11 of the charter for the City of Coberg [sic] provides:
'The compensation for services of each city office shall be whatever amount the council fixes.'
"7.
"To the extent that the plaintiff's claim for Breach of Contract is based upon the alleged promises of [police chief] Wamon Poole or other unknown officers or officials, those promises are void as being beyond their authority in violation of this section of the city charter.
"THIRD AFFIRMATIVE DEFENSE:
"8.
"The defendant realleges paragraph 4.
"9.
"Granting compensatory time is a discretionary act and can not [sic] be compelled by the plaintiff."

theory of *quantum meruit* that contradicts his express contract with the city; and that the contract claim is defeated by the uncontroverted allegations in the affirmative defenses.[2]

We conclude that the city's affirmative defenses and the claims to which they are responsive do not put this case in a posture for judgment on the pleadings. The first defense simply pleads evidence, *i.e.*, the personnel manual provision and a legal conclusion that the city claims follows from that evidence. The defense does not, on its face, resolve the factual question of what the contract terms are; rather, it creates that question. The second and third affirmative defenses have no dispositive effect, unless the premises and conclusions of the first defense are accepted. The resolution of the statutory and *quantum meruit* claims may also depend on the terms of the contract and those claims, too, were not properly subject to a decision on the pleadings.

The court said in *Salem Sand v. City of Salem, supra,* 260 Or at 636, that "[i]ssues of fact cannot be tried on a motion for judgment on the pleadings." It also noted that the "motion is not favored by the courts." *See also Brooke v. Mt. Hood Meadows Oreg., Ltd.,* 83 Or App 358, 732 P2d 36 (1987). Plaintiff's case may not be a strong one, and the theories that the city advances here may prove to be ones on which it will ultimately prevail.[3] Nonetheless, a judgment on the pleadings was not an appropriate disposition.

Reversed and remanded.

---

[2] The city also argues that plaintiff did not adequately preserve his present contentions in the trial court. We disagree.

[3] Plaintiff submitted a responding memorandum to the city's motion, in which he invited the city to file a motion for summary judgment.