Argued and submitted September 13, 1991, judgment on pleadings reversed and
remanded; otherwise affirmed March 11, 1992

## REXIUS FOREST BY-PRODUCTS, INC.,
*Respondent,*

*v.*

## A & R LUMBER SALES, INC.,
*Appellant.*

(16-90-02280; CA A67193)

827 P2d 1359

Paul D. Clayton, Eugene, argued the cause for appellant. With him on the brief were Larry J. Anderson and Anderson & Clayton, Eugene.

Frederick A. Batson, Eugene, argued the cause for respondent. With him on the brief was Gleaves, Swearingen, Larsen and Potter, Eugene.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

This is an action for monies due for services rendered. In its answer, defendant alleged a "Counterclaim by way of Set-Off." The trial court granted plaintiff's motion for judgment on the pleadings on the "set-off." ORCP 21B. It then granted plaintiff's motion for summary judgment on the complaint. ORCP 47. We reverse the judgment on the pleadings and otherwise affirm.

This case involves two assignments of claims. Plaintiff alleged that Transportation Management Services, Inc. (TMS) hauled lumber and wood products for defendant, but was not paid. TMS assigned its rights in the accounts to plaintiff, and plaintiff demanded payment from defendant. Plaintiff's complaint alleges claims for breach of contract, account stated, open account and *quantum meruit*.

In its answer, defendant admitted that TMS had rendered services for it, and alleged, as a "Counterclaim by way of Set-Off":

"4.

"That at all times herein material, [TMS] was a corporation organized and controlled by the same owners as [STS] and has no separate identity or corporate existence independent of [STS], and TMS acts solely as the agent for the sole purpose of permitting [STS] to transact business without incurring obligations to creditors of [STS].

"5.

"That prior to receiving notice of the purported assignment of rights or interests to plaintiff in the receivables of TMS, STS, the principal and entity for whom TMS was acting as the agent and alter-ego, was indebted to Daryl L. Richardson for obligations arising under a lease of nine (9) tractors and trailers used in rendering hauling services and damages arising therefrom in an amount in excess of any amounts claimed by plaintiff in the Complaint herein.

"6.

"That Daryl L. Richardson has assigned all his right, title and interest in an [*sic*] to the claims and debt owed by STS to the defendant herein, A & R Lumber Sales, Inc., who offers to set-off so much of such claim as may be found due, if any, under plaintiff's Complaint."

■     In reviewing a judgment on the pleadings, we assume that all of the allegations contained in the pleadings are true. *Sager v. McClenden*, 296 Or 33, 35, 672 P2d 697 (1983); *Porter v. Hill*, 108 Or App 418, 421, 815 P2d 1290, *rev allowed* 312 Or 554 (1991). The motion should be denied, unless the pleadings show that defendant has no cause of action or that plaintiff has a complete defense. *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 330, 341 P2d 1083 (1953); *Beason v. Harcleroad*, 105 Or App 376, 379, 805 P2d 700 (1991).

■■     A set-off is limited to liquidated damages or damages that do not require any calculation by the fact finder. *Hackett Digger Co. v. Carlson*, 127 Or 386, 391, 272 P 260 (1928); *Federal Savings and Loan Ins. Corp. v. Johnson*, 97 Or App 250, 252, 776 P2d 24 (1989). The bare allegation of "damages," rather than a precise amount, prevents us from determining whether the extent of damages would require calculation by the fact finder. Defendant is not entitled to a set-off. *Federal Savings and Loan Ins. Corp. v. Johnson*, *supra*, 97 Or App at 252-53.

     The fact that defendant's claim may be construed as a set-off does not necessarily preclude it from recovering on that claim. Defendant's answer alleged a "Counterclaim by way of Set-Off." That inartfully drafted caption can be construed as describing either a counterclaim or a set-off. In its response to plaintiff's motion for judgment on the pleadings, defendant acknowledged that "[the] pleadings do not assert a specific dollar amount." However, defendant contended that "it did not seek to violate the limitations of pleading a counterclaim." In the interest of justice, we consider defendant's ambiguous pleading to allege a counterclaim.[1] *See Smith v. Willis*, 84 Or 270, 163 P 810 (1917); *Federal Savings and Loan Ins. Corp. v. Johnson*, *supra*, 97 Or App at 252-53. Therefore, the issue is whether defendant, the assignee of Richardson's claim against plaintiff, can assert that as a counterclaim against plaintiff.

_____

[1] ORCP 19B provides, in part:

"When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

■ ■  A counterclaim must allege facts that create an independent cause of action. *Rogue River Management Co. v. Shaw*, 243 Or 54, 60, 411 P2d 440 (1966). The subject of plaintiff's complaint is the sale of accounts from TMS to plaintiff. The provisions of the Uniform Commercial Code on secured transactions apply. ORS 79.1020(1)(b). ORS 79.3180(1) provides, in part:

> "Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in ORS 79.2060 the rights of an assignee are subject to:
>
> "* * * * *
>
> "(b)  Any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notice of the assignment."

Plaintiff is the assignee of TMS' claim against defendant, the account debtor. Plaintiff's claim is subject to any claim of defendant that accrued against TMS before defendant received notice of the assignment from TMS to plaintiff. Paragraph 5 of defendant's answer alleges that Richardson's claim against TMS accrued before defendant received notice of that assignment. Paragraph 6 alleges that Richardson assigned his claim against TMS to defendant, but does not expressly allege that that assignment occurred before defendant received notice of the assignment from TMS to plaintiff. Defendant is entitled to the reasonable inferences suggested by the facts alleged in its pleadings. *Beason v. Harcleroad*, *supra*, 105 Or App at 379. Read together, paragraphs 5 and 6 are sufficient to allege that the assignment from Richardson to defendant occurred before defendant received notice of the assignment from TMS to plaintiff.

Liberally construed, defendant's pleadings are sufficient to withstand a motion for judgment on the pleadings. The trial court erred by granting plaintiff's motion.

■  In its second assignment of error, defendant claims that the trial court erred by granting plaintiff's motion for summary judgment. Plaintiff bears the burden of demonstrating that there is no disputed issue of material fact and that it is entitled to judgment as a matter of law. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991);

*Seeborg v. General Motors Corp.*, 284 Or 695, 699, 588 P2d 1100 (1978). In support of its motion, plaintiff submitted the affidavit of one of its attorneys, to which a letter from plaintiff to defendant was attached as an exhibit. The letter demanded payment on an account in the amount of $15,356.50. The affidavit stated that defendant never contested the amount due on the account. Instead, defendant asserted that it was entitled to a set-off. Defendant's failure to contest the amount demonstrates that there was no dispute about the amount due on the account. *See Steinmetz v. Grennon*, 106 Or 625, 634, 212 P 532 (1923); *Tri-County Ins. v. Marsh*, 45 Or App 219, 608 P2d 190 (1980).

Once plaintiff supported its motion with the affidavit,

> "[defendant could] not rest upon the mere allegations or denials of that party's pleading, * * * [but] must set forth specific facts showing that there is a genuine issue as to any material fact for trial." ORCP 47D.

Defendant did not submit any evidence to refute plaintiff's calculations. Therefore, there was no issue of material fact, and plaintiff was entitled to judgment as a matter of law.

■ Finally, defendant contends that the trial court erred by denying its motion for a new trial and relief from judgment. ORCP 64; ORCP 71. It argues that the evidence is insufficient to support an award of interest at the rate of 1-1/2 percent per month. ORCP 64B(5). Denial of a motion for a new trial is not reviewable on the basis of insufficiency of the evidence. ORCP 71; *Turman v. Central Billing Bureau*, 279 Or 443, 451, 568 P2d 1382 (1979); *Petty v. Rogue Federal Credit Union*, 106 Or App 538, 541 n 2, 809 P2d 121, *rev den* 311 Or 432 (1991). Defendant's other arguments do not require discussion.

Judgment on the pleadings reversed and remanded; otherwise affirmed.