On respondents' motion for reconsideration filed October 13, reconsideration allowed; opinion (130 Or App 302, 881 P2d 819) modified and adhered to as modified December 21, 1994

Ellis THOMPSON,
an individual,
and Ellis Thompson Corporation,
an Oregon corporation,
*Respondents,*

*v.*

TELEPHONE & DATA SYSTEMS, INC.,
an Iowa corporation;
United States Cellular Corporation,
a Delaware corporation,
*Appellants,*

*and*

AMCELL OF ATLANTIC CITY, INC.,
a New Jersey corporation,
*Respondent.*

(9005-03082; CA A74557)

888 P2d 16

N. Robert Stoll, David A. Lokting, Sandra L. Kohn, Stoll, Stoll, Berne & Lokting, G. Frank Hammond, O'Donnell, Ramis, Crew & Corrigan, Michael D. Hays, David E. Mills, and Dow, Lohnes & Albertson, for motion.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiffs and defendant Amcell of Atlantic City (Amcell) move for reconsideration of our opinion, 130 Or App 302, 881 P2d 819 (1994), in which we held that the trial court erred in granting their motion for judgment on the pleadings on the basis of its judicial notice of a document that was supposedly appended to a pleading filed in a different proceeding in a different jurisdiction. We allow the motion, modify our opinion and adhere to it as modified.

The facts of this case are somewhat complex and will not be repeated in full. It is sufficient for our purposes simply to restate that plaintiffs entered into agreements with both Amcell and defendant Telephone & Data Systems, Inc. (TDS). Plaintiffs initiated this action, seeking a declaration that their agreement with TDS is unenforceable. Amcell joined in that request. TDS counterclaimed for, among other things, a declaration that its agreement is fully enforceable. Plaintiffs and Amcell moved for judgment on the pleadings on the enforceability of the agreement with TDS. In their motions, both parties relied on the text of the TDS agreement and on another, related, agreement. Neither of those agreements, however, was quoted in, incorporated by or attached to any of the pleadings. Plaintiffs and Amcell merely attached copies of the agreements to their briefs and asked the court to take judicial notice of their contents, on the ground that the agreements had been attached to a pleading in a different proceeding involving the same parties in a different case, filed in Illinois. The trial court granted plaintiffs' and Amcell's motions. We reversed, holding that it was error for the court to have predicated a judgment on the pleadings on agreements that were not part of the pleadings. 130 Or App at 311.

■■ Plaintiffs and Amcell now contend that reconsideration is appropriate, because we erred in applying the law concerning the extent to which it is appropriate to take judicial notice on a motion for judgment on the pleadings. Plaintiffs and Amcell first argue that our decision is contrary to OEC 201(f), which permits judicial notice at "any stage of the proceeding." They do not contest the general rule that it is improper to predicate a judgment on the pleadings on evidence outside the pleadings. *See, e.g., Olsen v. City of Coburg,* 111 Or App 530, 533, 826 P2d 101 (1992). Likewise,

they do not debate that, on a motion for judgment on the pleadings, taking judicial notice of the contents of an agreement not quoted in, attached to or incorporated by the pleadings necessarily means that the court looks to evidence outside the pleadings. They argue instead that OEC 201(f) somehow qualifies or supersedes the general rule.

■    We find no authority for such a reading of OEC 201(f). The text of the rule says nothing about expanding the general rule regarding the manner on which motions for judgment on the pleadings are to be decided. Moreover, the Conference Committee Commentary to OEC 201(f) reveals that the focus of that provision is that judicial notice may be taken both in the trial court and on appeal:

> "It [OEC 201(f)] clarifies Oregon case law, which is in conflict on whether an appellate court may assume the existence of a fact not brought to the attention of the trial court." Kirkpatrick, *Oregon Evidence* 58 (2d ed 1989).

Plaintiffs' and Amcell's reliance on OEC 201(f) is misplaced.

Plaintiffs and Amcell also contend that the Supreme Court's recent decision in *Ecumenical Ministries v. Oregon State Lottery Comm.*, 318 Or 551, 871 P2d 106 (1994), permits reliance on judicial notice in resolving a motion for judgment on the pleadings. Plaintiffs and Amcell, however, fail to acknowledge the court's explicit limitation of its decision to the judicial notice of *legislative* facts, as opposed to adjudicative and other types of facts, in resolving a motion for judgment on the pleadings. 318 Or at 558. *See also State v. Clowes*, 310 Or 686, 692 n 7, 801 P2d 789 (1990). In this case, plaintiffs and Amcell assert that the court can take judicial notice of *adjudicative* facts. *Ecumenical Ministries* lends no support for that assertion.

■    Plaintiffs and Amcell next argue that our decision is contrary to a number of cases from federal courts and other state courts generally permitting judicial notice of court records in other jurisdictions — including documents appended to court records — in deciding motions for judgment on the pleadings. *E.g., United States v. Wood*, 925 F2d 1580, 1582 (7th Cir 1991); *Southmark Prime Plus, L.P. v. Falzone*, 776 F Supp 888, 891-92 (D Del 1991). Even assuming, for the sake of argument, that the general rule stated in those cases is

correct, we still conclude that, in this case, it is not appropriate to notice the contents of a contract supposedly appended to a pleading filed in a different proceeding in a different state. We reach that conclusion for two reasons.

First, there is a distinction between judicially noticing the existence of a court record and noticing the truth of the contents of that record, much less the truth of the contents of a document that happens to be appended to the court record. *See* Kirkpatrick, *Oregon Evidence* 51 (2d ed 1989). Even under the federal rules, although it may be appropriate to judicially notice the former, it is inappropriate to notice the latter. *See* Wright and Graham, *Federal Practice and Procedure* § 5104 (1977). Yet, in this case, that is precisely what plaintiffs and Amcell assert the trial court properly did: notice the fact that the agreements that are not in the pleadings say what plaintiffs and Amcell say that the agreements say.

Second, and more damning, the record in this case does not show that either of the agreements that plaintiffs and Amcell argue are subject to judicial notice actually were attached to the pleadings from the Illinois proceedings. There are copies of the Illinois pleadings in the record. And there are copies of the agreements in the record. There are, however, no copies of the agreements actually attached to the Illinois pleadings, only an assertion of counsel that, in the Illinois case file, that was the case. Thus, even under plaintiffs' and Amcell's view of the law, there was no basis for the trial court to take judicial notice of the existence of the agreements, much less their contents.

We adhere to our conclusion that the trial court erred in entering judgment on the pleadings.

Plaintiffs and Amcell raise other issues in their motion for reconsideration, but those do not require discussion.

Reconsideration allowed; opinion modified and adhered to as modified.