Argued and submitted October 29, 2009, affirmed June 16, 2010

Wayne A. SPEARS
and Dixie J. Spears Read,
*Plaintiffs-Appellants,*

*v.*

Kelly Edward DIZICK,
*Defendant-Respondent.*

Multnomah County Circuit Court
060910130; A137657

234 P3d 1037

Erin K. Olson argued the cause and filed the brief for appellants.

Samuel C. Justice argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

\* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

This case arises out of two deeds purporting to convey interests in the same piece of real property. Specifically, in 1999, Billie Spears (grandmother) executed a deed purporting to convey to defendant (grandson) a remainder interest in her home and retain a life estate. Later, in 2000, grandmother executed another deed purporting to convey the same property jointly to herself and plaintiffs, who are her son and daughter (children). After grandmother's death, children filed this action against grandson. They alleged that the 1999 deed to grandson had been the product of undue influence and, based thereon, included in their complaint claims for elder abuse, ejectment, and declaratory relief. After trial, the jury returned a verdict for grandson on the elder abuse and ejectment claims, and the trial court entered judgment for grandson based on that verdict. In addition, the trial court entered judgment against children and in favor of grandson on the declaratory relief claim, which had been tried to the court. Children appeal the judgment only insofar as it relates to the claim for declaratory relief. We affirm.

■ We begin by addressing our standard of review in this case. Children contend that their claim for declaratory relief, in which they sought a judgment declaring them to be the sole owners of the property at issue, is equitable in nature. Therefore, they assert, we should review the case *de novo. See* ORS 19.415(3) (2007).[1] According to grandson, however, children's claim for declaratory relief is in the nature of an ejectment, an action at law. In actions at law, we review the trial court's judgment to determine if it is supported by any competent evidence. *McIntyre v. Photinos*, 175 Or App 478, 482, 28 P3d 1259 (2001).

■ "Declaratory judgment proceedings can be legal or equitable in nature, depending on the nature of the case and the relief sought." *Ken Leahy Construction, Inc. v. Cascade General, Inc.*, 329 Or 566, 571, 994 P2d 112 (1999). We examine children's complaint to determine the nature of the case and relief sought. *See Lisoski v. Broehl*, 235 Or App 57, 230

---

[1] The notice of appeal is this case was filed before June 4, 2009, which is the effective date of the modifications to ORS 19.415. Or Laws 2009, ch 231, § 3. For that reason, we refer to the 2007 version of the statute.

P3d 63 (2010). In the complaint, children brought several claims for relief. As noted, the only claim at issue on appeal is the claim relating to the request for declaratory relief. However, because of their importance in explaining the standard of review that we apply in this case, we describe the claims for both declaratory relief and ejectment.

Children alleged in the complaint that grandson had resided at the subject property "[f]rom approximately 1979" and "has continued to reside at that location through the time of the filing of" the complaint. Children asserted that the 1999 deed, in which grandmother purported to convey to grandson a remainder interest in the property, was the product of grandson's exercise of undue influence and duress. In their request for declaratory relief, children sought a declaration that "[children] in their individual capacities [are] the sole owners in fee simple of" the property. Similarly, with respect to the ejectment claim, they sought a judgment "[t]hat [children] in their individual capacities are the sole owners in fee simple of" the property. Children also sought possession of the property and damages.

■ ■   In general, a person may bring an equitable quiet title action to obtain resolution of a dispute relating to adverse or conflicting claims to real property. *See* ORS 105.605; *McIntyre*, 175 Or App at 482. At first blush, the declaration sought by children—that they are the sole owners of the property—appears to be in the nature of a quiet title claim. However, a party who is not in possession of land may not maintain a quiet title action against a party in possession; such a party must seek relief by way of an ejectment action. *Yaquina Bay Timber v. Shiny Rock Mining*, 276 Or 779, 781 n 1, 556 P2d 672 (1976); *see* ORS 105.005. Thus, in this case, because grandson was in actual possession of the property, children could not maintain an equitable action to quiet title against him. Instead, their relief, if any, would have to be obtained by ejectment, an action at law.

■ ■   An ejectment action can resolve title to land. *See Weatherford v. McKay*, 59 Or 558, 560, 117 P 969 (1911); ORS 105.055 ("[T]he judgment in an action to recover the possession of real property is conclusive as to the estate in the property and the right to possession thereof."). Furthermore,

through ejectment, children could and did seek to obtain possession of the property and damages. In fact, the request for declaratory judgment in this case sought a subset of the relief requested in children's ejectment claim. "Equitable relief does not lie if there is an adequate remedy at law. The remedy at law must be practical, efficient, and adequate, as full a remedy as that which can be obtained in equity." *Alsea Veneer, Inc. v. State of Oregon*, 318 Or 33, 43, 862 P2d 95 (1993) (citation omitted). Under the circumstances of this case, full relief was available to children by way of an action at law. Through an ejectment action, they could not only resolve title to the subject property, but also obtain possession thereof. Given that grandson was in actual possession of the property and, therefore, children could maintain only an action in ejectment and not a quiet title claim, we have no trouble concluding that the claim for declaratory relief is more like an ejectment and, therefore, reviewed under the standard applicable to actions at law. *Cf. Lisoski*, 235 Or App at 60 (although declaration with respect to rightful possession of personal property was in nature of an action at law, additional factual circumstances made case equitable in nature). Accordingly, we are bound by the trial court's factual findings if there is any evidence in the record to support them.[2]

The trial court found the following facts of this case.[3] Grandmother became the sole owner of the property in 1974. Starting in 1979, grandson resided at the property with grandmother. He continued to live there after her death and through the time of trial. On June 11, 1999, grandmother executed a deed retaining a life estate in the property and conveying the remainder interest to grandson.

Witnesses described grandmother as sharp, independent, and outspoken, and as doing exactly as she pleased. Further, according to the trial court,

---

[2] Although we conclude that the proper standard of review is for any evidence, we have also reviewed the entire record in detail and observe that we would reach the same result in this case even under a *de novo* standard of review.

[3] We do not address whether, as a matter of law, the jury verdict was dispositive of the declaratory judgment claim. Nor do we consider whether it was proper for plaintiffs to seek declaratory relief along with their ejectment claim in this case.

"[Grandson] did not have a fiduciary relationship with his grandmother. He did have an agreement with her to live in her house and take care of her, in return for her signing over the house to him. She would retain a life estate.

"While perhaps not the ideal grandson, [he] did not use undue influence over his grandmother in convincing her to sign the deed.

"[Grandmother] wanted to stay in her home. She was fearful that [grandson] would move out of the home if she did not sign the house over to him. There were no other relatives willing to move into her home with her. The only way she could stay in the house was to sign the house over to [grandson] in return for his staying [in] the house to care for her.

"The testimony was somewhat unclear as to whether [grandmother] actually gave the deed to [grandson], however, it is clear that she told him as well as her daughter about deeding the house to [grandson], prior to the March 2000 deed.

"In March of 2000, Dixie Spears Read[, one of the two litigating children,] talked to her mother about a Will. [Grandmother] told Dixie Spears Read she had no need for a Will as she had signed the house over to [grandson].

"[The other of the two litigating children], Wayne A. Spears and his wife, Louise Spears arranged for [grandmother] to meet with their attorney * * *.

"[Grandmother] told [the attorney] that she did not want to sue [grandson] for any reason. [The attorney] prepared a new deed and a codicil to her will declaring that any deed prepared before March 1, 2000 was signed by her under duress.

"On March 2, 2000 [grandmother] executed and delivered to Dixie Spears Read and Wayne Spears * * * a deed conveying to herself and to them, in their individual capacities as joint tenants with the right of survivorship, [the property]."

(Paragraph numbering omitted.)

Based on the testimony of the witnesses as to the character and personality of grandmother, the trial court found "that she did whatever was necessary to stay in her

house. When her children found out, she wanted to keep them happy as well and thus signed another deed, which pleased them. It solved her problem." In addition, with respect to children's claims for elder abuse and ejectment (which are not at issue on appeal in this case), the jury returned a verdict in favor of grandson. On a special verdict form, the jury found that children had *not* proved that (1) grandson was grandmother's fiduciary at the time she signed the1999 deed; (2) grandson obtained the property in question through the exercise of undue influence; or (3) grandson appropriated the property interest through duress. Based on its own findings, along with those of the jury, the court entered judgment in favor of grandson and dismissed children's claim for declaratory relief as well as their claims for elder abuse and ejectment.

■     On appeal, children contend that the trial court erred in failing to conclude that the 1999 deed was the product of undue influence. Having reviewed the record in this case, we conclude that there is ample evidence to support the trial court's finding that grandmother's free will was not overborne by grandson's purported undue influence. The evidence is consistent with the trial court's view that grandmother—a woman of strong and independent will and sharp wit—did exactly as she wanted with the property in conveying it to grandson to ensure that he continued to live with her. Accordingly, the trial court did not err in concluding that the 1999 deed in question was the product of grandmother's free will and was not the result of grandson's exercise of undue influence.

Affirmed.