IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALLEN PROPERTIES, L.L.C., )
)
       Plaintiff, ) TC-MD 180190R
)
    v. )
)
CLACKAMAS COUNTY ASSESSOR, )
) **ORDER GRANTING**
       Defendant. ) **PLAINTIFF'S MOTION TO STRIKE**

       This matter came before the court on Plaintiff's Motion to Dismiss Defendant's

Counterclaim (Motion)[1], filed June 15, 2018. Defendant filed its Response to Plaintiff's Motion

to Dismiss (Response) on June 25, 2018. The matter is now ready for the court's determination.

       On April 23, 2018, Plaintiff timely appealed to this court from an order of the Clackamas

Board of Property Tax Appeals (BOPTA). That order sustained Defendant's 2017–18 tax roll

values for real property identified by the assessor as account number 00484443. On May 15,

2018, Defendant filed its Answer, which included a "counterclaim" asserting that the real market

and exception values were "no less than" the roll values. (Answer at 1.)

       In its Motion, Plaintiff moves to dismiss the counterclaim on the basis that: (1) Defendant

is not an aggrieved party as required by ORS 305.275(1)(a) or (4); (2) Defendant did not timely

file its own independent complaint as suggested by recent opinion in *Village at Main Street

Phase II v. Dept. of Rev.,* 22 OTR 52 (2015), *vacated on other grounds,* 360 OR 738, 387 P3d

374 (2016), *see also Ellison v. Clackamas County*, 22 OTR 396 (2017), and *Work v. Dept. of

Rev.*, __ OTR __, WL 3135940 (July 20, 2017)); and (3) Plaintiff's Motion is not rendered moot

---

[1] Despite the title of Plaintiff's document, the court treats Plaintiff's Motion as a Motion to Strike portions of Defendant's Answer.

as a result of ORS 305.412, which authorizes the court to determine the correct value of property without regard to the values pleaded by the parties. In its Response, Defendant cites Tax Court Rule-Magistrate Division (TCR-MD) 2(B) and ORS 305.287, which appear to contemplate counterclaims. (Response at 2.)

Although the Motion and Response focus on counterclaims, what the parties in reality are battling over is the right to control the case. If the parties proceed by trial, ORS 305.412[2] allows the court to determine the value based on the evidence, and the existence or non-existence of a "counterclaim" is superfluous. However, if Plaintiff wants to voluntarily dismiss its appeal and a counterclaim has been pleaded, then Defendant could continue with the case. Tax Court Rule (TCR) 54 A(2) provides that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the defendant may proceed with the counterclaim." From Plaintiff's point of view, a counterclaim enables Defendant to essentially highjack the action. Such a concern is not merely theoretical, as illustrated in *Village at Main Street Phase II, LLC v. Dept. of Rev.*, 360 Or 738 (2016).

The parties urge the court to weigh in on the many statutes and court cases regarding counterclaims. However, before weighing in on whether Defendant is entitled to bring a counterclaim, the court must first determine whether Defendant's Answer even contains a counterclaim. Defendant's "counterclaim" requests that its roll values be sustained. But cases have held that "[a] counterclaim must allege facts that create an independent cause of action." *Rexius Forest By-Products, Inc. v. A & R Lumber Sales.,* 112 Or App 114, 118, 827 P2d 1359 (1992) (citing *Rogue River Management Co. v. Shaw,* 243 Or 54, 60, 411 P2d 440 (1966)). A party requesting that decision be sustained is not aggrieved by such a decision. Defendant's

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

counterclaim does not constitute an independent claim for relief; rather, it merely asks the court to sustain its own tax roll values. The court need not go through a deep analysis regarding aggrievement, standing, or timing of appeals to know that Defendant's request to essentially sustain the current tax roll does not rise to the level of an independent claim for relief. The preface to the Magistrate Rules states that "[a]ll pleadings will be liberally construed with a view to substantial justice between the parties." Construing Defendant's Answer liberally, the court finds that, although it contains the term "counterclaim," it is not a counterclaim at all.[3] Thus, the term as contained in Defendant's Answer is erroneous and should be struck. Now, therefore,

IT IS ORDERED that Plaintiff's Motion to Strike the term "counterclaim" in Defendant's Answer is granted.

Dated this ___ day of August 2018.

RICHARD DAVIS
MAGISTRATE

*__This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.__*

*__This document was signed by Magistrate Richard Davis and entered on August 28, 2018.__*

---

[3] The parties should exercise caution in not reading this order too broadly. The court specifically does not weigh in on the issue of whether a defendant could, under the right circumstances, bring a counterclaim in the Tax Court.