568 July 2, 2025 No. 582

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Janice KRAMER,
an Oregon individual;
Rosemary Gramenz, an Oregon individual;
and Joann Carriker, an Oregon individual,
*Plaintiffs-Appellants,*

*v.*

Robert Eugene CONATSER,
*Defendant-Respondent,*

*and*

Michael CONATSER et al.,
*Defendants.*

Klamath County Circuit Court
23CV00165; A182956

Kelly N. Kritzer, Judge.

Argued and submitted on March 18, 2025.

Taylor Hale argued the cause for appellants. Also on the briefs were Megan K. Burgess and Peterkin Burgess.

Brian Jay Beck argued cause for respondent. Also on the brief was Obsidian Legal, LLC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

This case involves a dispute between siblings over two parcels of real property in Klamath County (the Property). Plaintiffs filed a complaint for declaratory relief and an accounting, alleging that they each received a one-seventh interest in the Property by intestate succession upon their father's death in 1983, and that defendant, who also has a one-seventh interest, has been excluding them from the Property for an unspecified period of time and renting out portions of the Property without sharing the proceeds with them.[1] In his answer, defendant pleaded the statute of limitations as an affirmative defense, and he later moved for judgment on the pleadings. The trial court granted the motion and dismissed all of plaintiffs' claims on statute-of-limitations grounds. Plaintiffs appeal the resulting limited judgment, asserting that the court applied an inapplicable statute of limitations and, more pertinently, failed to construe the pleadings in their favor. We conclude that the trial court erred in granting judgment on the pleadings for defendant and, accordingly, reverse and remand.

A motion for judgment on the pleadings is governed by ORCP 21 B, which provides, "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The rule itself is silent as to the standard for deciding such a motion, but the case law is clear. Such a motion should be granted only "'when the pleadings, taken together, affirmatively show that plaintiff has no cause of action against the defendant or when defendant affirmatively alleges a complete defense which is admitted or not denied by a reply.'" *Thompson v. Telephone & Data Systems Inc.*, 130 Or App 302, 309, 881 P2d 819, *adh'd to as modified on recons*, 132 Or App 103, 888 P2d 16 (1994) (quoting *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 330, 341 P2d 1083 (1959)); *see also* ORCP 19 C (describing when allegations are deemed admitted or denied). The court cannot go outside the pleadings to decide

---

[1] All references to "defendant" herein are to defendant Robert Eugene Conatser. The other named defendants—who include another living sibling, the heirs of the two deceased siblings, and certain creditors of defendant—do not appear on appeal, and the issue before us does not require discussion of any facts pertaining to the other defendants.

the motion. *Thompson*, 130 Or App at 309 ("If it is necessary for the court to refer to evidence outside the pleadings to decide the motion, the court cannot decide the matter 'on the pleadings,' and the motion must be denied."). The court must accept the "well-pleaded allegations of fact in plaintiffs' complaint as true." *Smith v. Washington County*, 180 Or App 505, 507, 43 P3d 1171, *rev den,* 334 Or 491 (2002). And the court must liberally construe the pleadings in plaintiffs' favor. *Rexius Forest By-Products v. A & R Lumber Sales*, 112 Or App 114, 118, 827 P2d 1359 (1992). The strict requirements for granting motions on the pleadings reflect their disfavor. *Thompson*, 130 Or App at 309 ("Motions for judgment on the pleadings are not generally well-regarded by the courts, because hasty or imprudent use of the procedure can conflict with the policy of ensuring litigants a full and fair opportunity to try their claim or defense.").

We review a grant of judgment on the pleadings under ORCP 21 B for errors of law. *Allen v. County of Jackson County*, 191 Or App 185, 188, 82 P3d 628 (2003), *aff'd*, 340 Or 146, 129 P3d 694 (2006). We will affirm only if the "allegations in the pleadings affirmatively show that plaintiffs cannot prevail as a matter of law." *Smith*, 180 Or App at 507 (internal quotation marks omitted).

Accepting the well-pleaded allegations in the complaint as true and liberally construing them in plaintiffs' favor, the facts are as follows. William Robert Conatser purchased the Property in 1979 and paid off the related loans in 1981. Deeds to the Property were recorded in the name "Robert Conatser," which was how he was known. In September 1983, William Robert Conatser died intestate, leaving no surviving spouse and seven children (including plaintiffs and defendant), who each received a one-seventh share by operation of law. The complaint is largely silent as to what happened in the ensuing decades, but, at some point, defendant, whose name is Robert Eugene Conatser, began denying plaintiffs access to the Property and claiming that he owns it in its entirety as "Robert Conatser," and has been doing so ever since.

Based on those allegations, plaintiffs filed this action in January 2023, asserting two declaratory judgment claims

and an accounting claim. The second and third claims rise or fall with the first, so we focus on the first claim, wherein plaintiffs sought a declaratory judgment quieting title to the Property by declaring each of the parties to have a one-seventh interest as tenants in common. Defendant timely answered the complaint, denying many of the allegations, asserting various affirmative defenses including the statute of limitations, and pleading counterclaims. In support of his affirmative defenses and counterclaims, defendant alleged that he acquired title to the Property by deed in 1981, that he is the "Robert Conatser" named in the deeds, and that William Robert Conatser (the parties' father) never owned the Property. Plaintiffs denied defendant's factual allegations in their reply to his counterclaims.

In September 2023, defendant moved for judgment on the pleadings based on plaintiffs having failed to bring their action within 10 years. Defendant argued that plaintiffs' action was properly understood as an action for ejectment, not quiet title, because plaintiffs were not in possession of the disputed property—*see Spears v. Dizick*, 235 Or App 594, 597, 234 P3d 1037 (2010) ("[A] party who is not in possession of land may not maintain a quiet title action against a party in possession; such a party must seek relief by way of an ejectment action.")[2]—and that the 10-year statute of limitations in ORS 12.050 therefore applied. In defendant's view, that meant that plaintiffs had needed to bring the action by 1993, 10 years after they allegedly received an interest in the Property by intestate succession.

Plaintiffs opposed the motion. They argued that, because defendant had a right to possession as a tenant in common, their action was properly a declaratory judgment

_____

[2] ORS 105.605 provides that "[a]ny person claiming an interest or estate in real property *not in the actual possession of another* may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates." (Emphasis added.) A claim "to quiet title *** is an equitable proceeding, ORS 105.605." *Nedry v. Morgan*, 284 Or 65, 67 n 1, 584 P2d 1381 (1978). By contrast, ORS 105.005(1) creates an action at law for ejectment, whereby "[a]ny person who has a legal estate in real property and a present right to the possession of the property" may bring a claim "against the person in the actual possession of the property at the time, or if the property is not in the actual possession of anyone, then against the person acting as the owner of the property" to "recover possession of the property" and damages.

action, not an ejectment action. They further argued that their action could not be dismissed on the pleadings because there was not a justiciable controversy until defendant began denying them access to the Property, and nothing in the pleadings established when that occurred. Separately, plaintiffs moved to amend their complaint to add new factual allegations, including that defendant began excluding them from the Property in July 2021.

The trial court granted defendant's motion for judgment on the pleadings, based on plaintiffs having "failed to commence this action within the time allowed by statute," and dismissed all of plaintiffs' claims with prejudice as a result. The court denied plaintiffs' motion to amend the complaint on the ground that plaintiffs "offered no new facts which could allow their claims to survive dismissal."

Plaintiffs appeal the limited judgment dismissing their claims. In three assignments of error, they contend that the trial court erred in granting judgment on the pleadings in defendant's favor based on the statute of limitations; erred in denying plaintiffs' motion to amend the complaint; and committed a procedural error relating to the form of the judgment.

We agree with plaintiffs that the trial court erred in granting judgment on the pleadings in defendant's favor based on the statute of limitations. As a preliminary matter, we decline to delve into the parties' disagreement as to whether the 10-year statute of limitations for ejectment actions was the correct one to apply.[3] Defendant made his motion under ORS 12.050, the trial court granted that motion, and defendant maintains that ORS 12.050 is the applicable statute, so we address only whether defendant

---

[3] Although plaintiffs styled their first claim as "Declaratory Judgment to Quiet Title to Real Property," they argue that it should not be understood as a quiet title claim for time-bar purposes. *See Assn. of Unit Owners v. Far West Federal Bank*, 120 Or App 125, 132, 852 P2d 218 (1993) (treating a declaratory judgment claim to quiet title as a claim in equity subject to the doctrine of laches, and relying on ORS 12.040 and ORS 12.140 to identify 10 years from when the action arose as a "presumptively reasonable period of time" in which to bring it). Instead, plaintiffs argue, it should be viewed as a declaratory judgment action for which there is no other appropriate or otherwise available relief, such that, under *Doyle v. City of Medford*, 271 Or App 458, 464, 351 P3d 768, *rev den*, 358 Or 248 (2015), the general residual 10-year statute of limitations in ORS 12.140 applies.

was entitled to judgment on the pleadings based on ORS 12.050. To the extent that there is ongoing disagreement as to which time bar correctly applies, as relevant to defendant's affirmative defenses, those arguments are properly directed to the trial court on remand.

The statute of limitations for an ejectment claim is 10 years under ORS 12.050. *Hammond v. Hammond*, 296 Or App 321, 331, 438 P3d 408 (2019). As explained in *Hammond*, that statute of limitations starts running upon "accrual" of the claim and incorporates a discovery rule. *Id*. at 334. "The discovery rule is a rule of interpretation for statutes of limitations" pursuant to which "the period of limitation commences either when a plaintiff actually discovers his or her injury or when a reasonable person exercising reasonable care should have discovered his or her injury." *Id*. at 332. As specifically applied in this context, "for the purposes of ORS 12.050, an action in ejectment 'accrues' when an actual repudiation occurs or an adverse claim has been asserted against a property owner's interest such that the owner knows or reasonably should have known of the repudiation or adverse claim." *Id*. at 334.

Here, plaintiffs' complaint does not contain any factual allegations that, if true, affirmatively establish when the statute of limitations began running. Tenants in common share legal and possessory rights to property. *See Lay v. Raymond*, 265 Or App 488, 494, 336 P3d 550 (2014) (explaining that each co-tenant has the right to possess the entire property, and each co-tenant has the right to any rents collected from use of the shared property). The complaint alleges that defendant has been continuously excluding plaintiffs from the Property for some time, but it is silent as to *when* defendant began doing so. And plaintiffs denied the factual allegations in defendant's answer, making it irrelevant. *See Thompson*, 130 Or App at 309 (stating that a motion for judgment on the pleadings under ORCP 21 B should be granted only "'when the pleadings, taken together, affirmatively show that plaintiff has no cause of action against the defendant or when defendant affirmatively alleges a complete defense which is admitted or not denied by a reply'" (quoting *Scott & Payne*, 217 Or at 330)).

Of course, it is possible that defendant may ultimately prevail on the statute of limitations, based on evidence offered in support of summary judgment or at trial. But he should not have been granted judgment on the pleadings, where the pleadings do not affirmatively establish that plaintiffs' claims are time barred. *See Hammond*, 296 Or App at 334 ("Only after an actual repudiation occurs or an adverse claim is asserted against the owner's interest is a landowner required to take legal action to protect [their] interest.").

An observation that we have previously made regarding a motion to dismiss on statute-of-limitations grounds under ORCP 21 A(1)(i) is equally apt here as to a motion for judgment on the pleadings under ORCP 21 B. To survive a motion to dismiss on statute-of-limitations grounds under ORCP 21 A(1)(i), "a complainant does not have to show that the action *is* timely; it suffices if the complaint does not reveal on its face that the action is *not* timely." *Munsey v. Plumbers' Local #51*, 85 Or App 396, 399, 736 P2d 615 (1987) (emphases in original). That is because the statute of limitations is an affirmative defense on which the defendant bears the burden of proof. ORCP 19 B. The plaintiff is under no obligation to allege facts establishing timeliness, and so the failure to do so cannot be a basis to dismiss the claim as untimely. *See Hewitt v. Thomas et al*, 210 Or 273, 276-77, 310 P2d 313 (1957) (recognizing same in applying the precursor rule to ORCP 21 A(1)(i)). The same is true with respect to a motion for judgment on the pleadings under ORCP 21 B, except that the court may consider both the plaintiff's factual allegations in the complaint and any additional facts alleged by defendant to which the plaintiff admits or which are deemed admitted.

Accordingly, we conclude that the trial court erred in granting judgment on the pleadings for defendant on his affirmative defense of the statute of limitations.[4] Our dispo-

---

[4] In his answering brief, in addition to addressing the statute of limitations issue on which he was granted judgment on the pleadings, defendant argues that plaintiffs' claim of having obtained an interest in the Property by intestate succession is a legal conclusion and that, because plaintiffs have not proved that they have a legal interest, they lack standing to bring the action and their complaint fails to state a claim. Our review is limited to the trial court's grant of judgment on the pleadings based on the statute of limitations. To the extent defendant means to assert an alternative basis to affirm, we decline to consider

sition of the first assignment of error obviates the need to address the other two. To the extent that plaintiffs still wish to amend their complaint, the trial court should reconsider its ruling on that motion in light of the current posture of this case.

Reversed and remanded.

---

it as inadequately developed. As for plaintiffs needing to prove that they have a legal interest in the Property, that is certainly true, but proof is for trial. The only issue at present is the pleadings and whether defendant was entitled to judgment on the pleadings. The facts that plaintiffs pleaded were sufficient to explain the basis for their claim of a legal interest in the Property.